UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:20-CR-228 |
| | : | |
| v. | : | (JUDGE MARIANI) |
| | : | |
| KURT MORAN, | : | (Filed Electronically) |
| Defendant. | : | |

# GOVERNMENT'S MEMORANDUM
# REGARDING U.S. SENTENCING GUIDELINES §1B1.2

On December 6, 2021, the defendant entered guilty pleas to criminal offenses pursuant to the terms of a written plea agreement. (Doc. 24). Defendant pleaded guilty to Count 55, a violation of 21 U.S.C. § 841(a)(1), unlawful distribution of a controlled substance, outside the usual course of professional practice and not for legitimate medical purposes; Count 330, a violation of 21 U.S.C. § 856, maintaining drug-involved premises; and Count 405, a violation of 18 U.S.C. § 1347, health care fraud. PSR ¶ 3.

As part of relevant conduct, the defendant admitted that he committed a more serious offense as charged in Count 328 of the Indictment. Paragraph 12 of the defendant's plea agreement refers to "Specific Sentencing Guidelines Recommendations." It reads as

1

follows:

> In addition to the counts of conviction, pursuant to U.S.S.G. § 1B1.2 and § 1B1.3 (relevant conduct), the defendant and the United States stipulate that the defendant committed the additional offense of knowingly and intentionally distributing oxycodone and fentanyl, Schedule II controlled substances, outside the usual course of professional practice and not for legitimate medical purposes, and that the death of "J.B." as charged in Count 328 of the Indictment resulted from the use of the substances;

Section 1B1.2 of the U.S. Sentencing Guidelines provides as follows:

> a) Determine the offense guidelines section in Chapter Two (Offense Conduct) applicable to the offense of conviction (*i.e.*, the offense conduct charged in the count of the indictment or information of which the defendant was convicted). However, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically established a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two applicable to the stipulated offense.

In light of the above stated terms of the plea agreement, the base offense level under U.S.S.G. § 2D1.1(a)(2) is 38, an offense level consistent with the more serious offense for relevant conduct pursuant to § 1B1.2(a).[1] By admitting that he committed the more serious

---

[1] This is an exception to the general rule that the court is to use the Chapter Two guideline section referenced in the Statutory Index for the offense of conviction. (App. Notes 1).

offense as part of relevant conduct, the defendant's sentence is guided by the more serious offense level of 38. However, because the more serious offense is not an offense of conviction, the statutory mandatory minimum sentence associated with the more serious offense is not implicated.

Unlike the Guidelines under § 1B1.2, which requires a sentencing court to apply the offense guideline section associated with the more serious stipulated offense, mandatory minimum sentences are creatures of statutory construction whose elements must be proven beyond a reasonable doubt. In *United States v. Alleyne*, 570 U.S. 99, 115 (2013), the Supreme Court extended to mandatory minimum sentences the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). The *Alleyne* Court explained that juries must find beyond a reasonable doubt any facts that increase *either* the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range and does so in a way that

aggravates the penalty." *Id.* at 113 n. 2 (emphasis added).[2] In contrast, the burden of proof required to establish relevant conduct under the Guidelines is the much lower preponderance of the evidence standard. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (burden of proof for facts relevant to sentencing is preponderance of the evidence as approved by this Circuit in *United States v. Mobley*, 956 F.2d 450, 455 (3d Cir. 1992).

The parties in this case entered into a plea agreement that contains the defendant's admissions of guilt concerning criminal responsibility for the death of J.B.; acceptance of responsibility for relevant conduct related to voluminous unlawful prescriptions for controlled substances; and fraud related to health care programs. The parties entered into the agreement after serious consideration of the § 3553(a) factors. The parties agree that the recommended sentence is

---

[2] When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury and proved beyond a reasonable doubt. It is no answer to say that the defendant could have received the same sentence with or without that fact. One reason is that each crime has different elements and a defendant can be convicted only if the jury has found each element of the crime of conviction. *Alleyne*, 570 U.S. at 114-115.

4

sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).

                              Respectfully submitted,

                              GERARD M. KARAM
                              UNITED STATES ATTORNEY

                 BY:  /s/ Michelle Olshefski
                              MICHELLE OLSHEFSKI
                              Assistant United States Attorney
                              Atty ID No. PA 79643
                              235 North Washington Avenue
                              Scranton, PA 18503
                              (570) 348-2800 telephone
                              (570) 348-1908 facsimile
                              Michelle.olshefski@usdoj.gov

Date: August 27, 2022

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 27, 2022, she served a copy of the attached:

## GOVERNMENT'S MEMORANDUM REGARDING U.S. SENTENCING GUIDELINES §1B1.2

to counsel for the defendant,
Brian McMonagle, Esquire
Via ecf.

/s/ Michelle Olshefski
Michelle Olshefski
Assistant U.S. Attorney