**U.S. Department of Justice**

*GERARD M. KARAM*
*United States Attorney*
*Middle District of Pennsylvania*
*Website: www.justice.gov/usao/pam/*
*Email: usapam.contact@usdoj.gov*

*William J. Nealon Federal Building*
*235 N. Washington Avenue, Suite 311*
*P.O. Box 309*
*Scranton, PA 18503-0309*
*(570) 348-2800*
*FAX (570) 348-2037/348-2830*
*TTY (570) 341-2077*

*Sylvia H. Rambo United States Courthouse*
*1501 N. 6th Street*
*Box 202*
*Harrisburg, PA 17102*
*(717) 221-4482*
*FAX (717) 221-4493/221-2246*
*TTY (717) 221-4452*

*Herman T. Schneebeli Federal Building*
*240 West Third Street, Suite 316*
*Williamsport, PA 17701-6465*
*(570) 326-1935*
*FAX (570) 326-7916*
*TTY (570) 326-9843*

September 1, 2023

*Filed Electronically*

THE HONORABLE ROBERT D. MARIANI
U.S. District Court for the Middle District of Pennsylvania

**Re: United States v. Kurt Moran**
**Criminal No. 3:20-CR-228**

Dear Judge Mariani:

The Government submits this letter in response to the Court's request for the Government's position regarding the defendant's recent letter dated August 23, 2023. (Doc. 72). In that letter, the defendant asks this Court to make a recommendation to the Federal Bureau of Prisons (BOP) that the defendant be considered for entry into the residential substance abuse treatment program (RDAP).

First, the Government has no interest or desire to shorten the defendant's sentence by any means. The Court will recall that the defendant's guilty pleas to multiple federal crimes included acceptance of responsibility for knowingly and intentionally distributing large quantities of oxycodone and fentanyl, Schedule II controlled substances, outside the usual course of professional practice and not for legitimate medical purposes, and that the death of "J.B." resulted from the use of the substances. The defendant's admitted crimes are very serious and were rightfully enhanced by the position of trust he held as a physician licensed in the Commonwealth of Pennsylvania. Additionally, while the defendant's history includes a lengthy struggle with alcohol abuse, that struggle played no part in his unlawful prescribing of controlled substances, including Subsys, a potent fentanyl sublingual spray, which the defendant admitted was motivated by greed and a need for status.

Thus, the thought of a sentence shorter than the one bargained for by the Government is not a welcomed thought. It is noted that all BOP facilities offer any number of drug and alcohol treatment programs from which the defendant would benefit without affording him an earlier release date.[1]

Having stated the foregoing, the Government is not in a position to dispute the defendant's history of alcohol abuse and does not object to his desire to seek treatment. This Court is well-informed about the nature and circumstances of the offenses, as well as the history and characteristics of the defendant. Therefore, the Government will defer to the Court to response appropriately to the defendant's request.

Respectfully submitted,

*/s/ Michelle Olshefski*
MICHELLE OLSHEFSKI
Assistant United States Attorney

MLO
cc: *electronically filed to MDPA 3:20-cr-228*
*United States v. Kurt Moran*

[1] An additional thought about the defendant's request is whether this Court has jurisdiction over the defendant's criminal matter to recommend anything related to the BOP's custody of the defendant. However, it would seem that a federal judge has the authority to make whatever reasonable "recommendation" the Court deems appropriate.